HAMMER, respondent, *v.* EDWARDS, appellant.

PLEADING — *replication* — *general or specific denial.* The Civil Practice Act of Montana, 1874, prescribes what an answer shall contain, but is silent as to replication. As to new matter contained in the answer the replication should follow the requisites of an answer, whether the denial should be general or specific.

### Appeal from Second District, Missoula County.

W. J. STEPHENS, for appellant.

Judgment should have been for defendant. The denial in replication to new matter in answer should have been specific and not general. Before the adoption of the Civil Practice Act, February 13, 1874, a specific denial was required in all pleadings. The new Practice Act did not change the law as to replications, but only as to answers.

A. E. MAYHEW, for respondent.

WADE, C. J. This is an action upon a promissory note. The answer sets up new matter in avoidance, and the replication is a general denial thereto.

The only question raised by this appeal is as to whether or not the replication should have contained a general or specific denial to the new matter contained in the answer. The Civil Practice Act of 1874 is silent as to the form of the replication to new matter in the answer. The fifty-sixth section of the act provides : " That the answer of the defendant shall contain a general or specific denial of each allegation of the complaint intended to be controverted by the defendant." A replication to new matter is in effect, and must be treated as an answer, and in those cases where a general denial is sufficient in an answer under the Code, such denial in a replication is also proper and sufficient. The form of pleading required in an answer is sufficient in a replication.

Judgment affirmed with costs.

*Judgment affirmed.*